IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, August 2, 2001

## MOHAMED F. ALI, M.D., v. FREDIA MOORE (DUGGER) and DANNY (PAT) STORY

**Direct Appeal from the Circuit Court for Washington County**
**No. 19785     Hon. Thomas J. Seeley, Jr., Circuit Judge**

**FILED AUGUST 21, 2001**

**No. E2000-02534-COA-R3-CV**

The Trial Court held the statute of limitations had run on plaintiff's Complaint. On appeal, we dismiss the appeal as not being timely filed.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Mohamed F. Ali, Mountain City, Tennessee, *pro se.*

Clifton Corker, Johnson City, Tennessee, for Appellee, Fredia Moore (Dugger).

### OPINION

In this action plaintiff filed notice of appeal on September 26, 2000, appealing the Trial Court's "Order filed August 25, 2000." The Order appealed from states in its entirety:

This action was finally dismissed by Order dated December 9, 1999. On February 24, 2000, the Court determined that plaintiff's Motion to Set Aside, Alter or Amend, was frivolous and without merit. The proper avenue for plaintiff to take to further pursue his action is by appeal. The clerk is directed to NOT file any pleading, motion

or proposed order submitted by plaintiff, except a Notice of Appeal, unless plaintiff pays in full all court costs, including this Order, incurred after February 24, 2000. Further, due to the unusual circumstances surrounding plaintiff and the defendant, Fredia Moore (Dugger), the clerk's office shall not furnish plaintiff with Dugger's current address, and any notation of it in the file shall be deleted. The clerk's office shall serve Dugger with copies of any documents required to be served upon her.

The record establishes that plaintiff first sued the defendant on October 22, 1993, and the case was non-suited on April 30, 1997. On April 29, 1998, plaintiff refiled his complaint against the defendant and took a voluntary non-suit on April 30, 1998. Then on April 28, 1999, he filed his complaint against defendant. In an Order dated December 9, 1999, the Trial Court noted that plaintiff's complaint filed for the third time was not "within one year of the first non-suit" and dismissed the action with prejudice.

The face of the record establishes that the time for filing another complaint had expired long before plaintiff filed his third complaint. *See* Tenn. Code Ann. §28-1-105.

After the Court's dismissal of the Complaint on December 9, 1999, plaintiff filed a Motion on January 7, 2000 alleging that he had followed the advice of his attorney, who was appointed by the Court, within which to re-file the action. On February 24, 2000, the Court denied this Motion and found the action was frivolous and without merit. However, plaintiff continued to file motions which he styled as Rule 59, Tenn. R. Civ. P. motions, and while the Court entered Orders denying the motions and found them to be frivolous and without merit, the Notice of Appeal was not timely filed. Moreover, it would not bring before this Court the issues which the plaintiff attempts to raise. The Judgment on plaintiff's Complaint became final on February 24, 2000, and no timely appeal was perfected. Accordingly, the plaintiff's appeal is dismissed with the cost of the cause assessed to plaintiff.

_____
HERSCHEL PICKENS FRANKS, J.